```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

DEMARIO DONTEZ WALKER                                    PLAINTIFF

VERSUS                         CIVIL ACTION NO. 3:08cv132-HTW-LRA

MISSISSIPPI PAROLE BOARD, et al.                        DEFENDANTS

## MEMORANDUM OPINION

This cause is before the court, *sua sponte*, for consideration of dismissal. Plaintiff Demario Dontez Walker, an inmate currently confined in the Central Mississippi Correctional Facility, Pearl, Mississippi, filed this complaint pursuant to Title 42 U.S.C. § 1983. The named defendants are the Mississippi Parole Board, Lora Cole, Christopher Epps, and Gloria Gibb. The plaintiff is requesting as relief that his parole be reinstated and that he receive credit for the time served on parole.

The plaintiff states that the revocation of his parole was without due process. In his response [15], the plaintiff complains that he was denied a revocation hearing, including being denied the opportunity to call and present witnesses as provided for by *Morrissey v. Brewer*, 408 U.S. 471 (1972). He further complains that the "street time" he served while on parole "was taken contrary to law, without due process." The plaintiff further claims in his response [15] that the revocation of his "street time" was based on wrong and false information. Therefore, he has filed his civil action pursuant to Title 42 U.S.C. § 1983.

Analysis

Title 28 U.S.C. Section 1915(e)(2) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *See Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an *in forma pauperis* proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 501 U.S. 1235, 111 S. Ct. 2863, 115 L. Ed. 2d 1030 (1991). *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989); *Parker v. Carpenter*, 978 F.2d 190, 191 n.1 (5th Cir. 1992); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992); *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir.), *cert. denied*, 504 U.S. 988, 112 S. Ct. 2974, 119 L. Ed. 2d 593 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the

pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* As discussed below, the plaintiff cannot maintain this action pursuant to Title 42 U.S.C. § 1983.

Initially, this Court must decide whether the plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to Title 42 U.S.C. § 1983. Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citing *Cook v. Texas Dept. of Crim. Just. Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994)). The plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. *Id.* (citing *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989)).

Having reviewed the allegations of the complaint and the plaintiff's response [15], this Court finds that if the plaintiff's claims are proven and this court grants the requested relief, it could result in the plaintiff receiving an early release from custody. With this in mind, this Court has determined that the plaintiff must first pursue this cause by filing a petition for habeas corpus relief.

Before the plaintiff can pursue this matter through habeas corpus in federal court, he is required to exhaust his available state remedies. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983). Since the plaintiff states that he has not presented this claim to the state courts of Mississippi, he has not yet satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A).[1] Therefore, this complaint will not be liberally construed as a petition for habeas corpus relief, but will be dismissed.

## Conclusion

As discussed above, the plaintiff's claims and requested relief are habeas in nature and are not cognizable claims filed pursuant to Title 42 U.S.C. § 1983. Consequently, plaintiff's instant cause of action will be dismissed without prejudice as to the habeas claim and with prejudice as frivolous as to the § 1983 claim.

## Three-strikes provision

Since this case filed pursuant to Title 42 U.S.C. § 1983 is dismissed as legally frivolous pursuant to Title 28 U.S.C.

---

[1] As directed by the order [11] entered on April 4, 2008, the plaintiff has filed a response [15] stating that he has not presented the claim concerning his parole and "street time" being revoked to the Mississippi Supreme Court or the Mississippi Court of Appeals.

§ 1915(e)(2)(B)(i) of the Prison Litigation Reform Act, it will be counted as a "strike".[2] If the plaintiff receives "three strikes" he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this memorandum opinion will be entered.

SO ORDERED, this the 29th day of May, 2008.

                              s/ HENRY T. WINGATE
                              CHIEF UNITED STATES DISTRICT JUDGE

---

[2]Title 28 U.S.C. § 1915(g) states:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.